952 F.2d 1397
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Porter Johnson HILEN, Plaintiff-Appellant,
v.
UNITED STATES of America; Commonwealth of Kentucky,
Department of Military Affairs, Kentucky Army
National Guard; Paula Taylor Gill,
Defendants-Appellees.
 No. 90-6458.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1992.
 
 Before RALPH B. GUY, Jr., ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Porter Johnson Hilen, a pro se Kentucky plaintiff, appeals the district court's judgments for the United States and for the Kentucky Army National Guard in his complaint brought pursuant to the district court's federal question and pendent jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Hilen sued the United States, the Kentucky Army National Guard (Kentucky Guard), and his former wife (Gill). Hilen alleged that the defendants wrongfully honored an income deduction order issued by a Florida circuit judge which resulted in the garnishment of his pay as a sergeant in the Kentucky Guard. Hilen alleged that this action constituted a willful breach of his employment contract, gross negligence, and conversion on the part of the United States and the Kentucky Guard. He further alleged that Gill's conduct constituted various state torts that resulted in her unjust enrichment.
 
 
 3
 Both the United States an the Kentucky Guard filed motions to dismiss or for summary judgment to which Hilen responded. On July 11, 1990, the district court issued an opinion and order dismissing with prejudice Hilen's complaint against the United States and entering judgment accordingly. On October 10, 1990, the district court dismissed Hilen's complaint against the Kentucky Guard and entered judgment accordingly. This latter dismissal was without prejudice to pursue his claim in the appropriate state forum. Hilen filed an amended notice of appeal of both judgments on October 18, 1990. On October 30, 1990, the district court sua sponte dismissed Hilen's pendent state claim against Gill.
 
 
 4
 On appeal, Hilen argues that the district court erred in dismissing his complaint against the United States and Kentucky Guard because (1) the district court erroneously based its opinion on the facial validity of the income deduction order rather than the Florida court's lack of subject matter jurisdiction, and (2) the Eleventh Amendment does not bar his suit against the Kentucky Guard.
 
 
 5
 Upon review, we affirm the district court's judgments and adopt the district court's opinions as the opinion of this court.
 
 
 6
 Accordingly, the district court's judgments, filed July 11, 1990, and October 10, 1990, are affirmed for the reasons stated therein. Rule 9(b)(3), Rules of the Sixth Circuit.